STEPHEN SHELL *et al.*, executors, plaintiffs in error, *vs.* EUGENIA A. SANDERS *et al.*, defendants in error.

1. Where a bill was filed by the legatees of an estate against the executors, praying an account and settlement, and the jury find in favor of two of the complainants only, directing certain specific assets on hand to be turned over to them saying nothing about the other complainants: *Held*, That, as in equity, the jury may find a special verdict, this verdict is not void, as not disposing of the issues.
2. The Chancellor may, in the final decree, dispose of the whole case in accord with the verdict, and it is, therefore, sufficient.
3. Where, on the trial of a bill for account and settlement in favor of the legatees of an estate against the executors, the jury found that one of the executors was not liable to the legatees at all, and the verdict directed certain notes and assets to be turned over by the other executor to the legatees, and two of these notes were the notes of the executors, made by them as memoranda of moneys belonging to the estate, used by them: *Held*, That the verdict was illegal. The jury should have found against the executors a money verdict for the amount of the notes, and it was right in the Court to grant a new trial.

Special verdict. Practice. New trial. Before Judge GREENE. Newton Superior Court. March Term, 1871.

Eugenia A. Sanders and others, legatees under the will of Charles H. Sanders, deceased, filed their bill for account and settlement against Stephen Shell and Nathan Turner, executors of said will. Charles H. Sanders died in August, 1851, leaving an estate of the value of about $100,000. The bill contained charges of mismanagement of the estate and violations of the provisions of said will by said executors.

The defendants answered the bill, but not being material to an understanding of the decision of the Court, the answers are not set forth.

The jury returned the following verdict : " We, the jury, find that the executor, Stephen Shell, pay over to Eugenia Sanders, legatee of Charles H. Sanders, the one-half of the following assets, and that he pay over the other half of said assets to Anna and Charles Hicks, orphans of Ophelia Hicks, paying each of said orphans the one-half of one-half :

*Shell et al. vs. Sanders et al.*

Georgia Railroad Bank bills................................$540 00
Greenbacks and specie......................................    4 65
3 shares of Georgia Railroad and Banking Company.
1 one hundred dollar bill, Bank of Columbus.......  100 00
    Mechanics' Bank.........................................   50 00
1 note on Nathan Turner.................................  500 00
    Notes on Stephen Shell—
1 due July 10th, 1865....................................  650 00
1 due January 12th, 1869...............................
1 note on Y. Y. Hyer, due November 30th, 1857...   18 40
    Credit on the above, May 10th...............$5 00
1 note on J. Y. Carroll, J. H. Hyer, security, due
    December 20th, 1859.................................   15 00
1 note on Mary J. Heath, L. M. Smith, security,
    due December 25th, 1859...........................   25 00
1 note on E. Chapman, due April 6th, 1861.........    6 17
    Mortgage on some property in Covington on Joel
    B. Mabry, on note due November 4th, 1860...  500 00
Nathan Turner not responsible as executor of C. H. Sanders' estate. Cost of this suit to be paid by complainants."

The complainants moved for a new trial upon the following, among other grounds, to-wit:

Because said verdict does not cover the issues made by the pleadings, and is illegal.

The motion for a new trial was sustained by the Court, and defendants excepted and now assign said ruling as error.

CLARK & PACE, for plaintiffs in error.

JOHN J. FLOYD, for defendants.

McCAY, Judge.

Were this a case at law there would be some difficulty in sustaining the verdict, on the ground that it does not dispose of the issues made by the record. But in equity the jury may find a special verdict, and the Judge enters his decree, giving form and consistency to the finding of the jury.

Very evidently it was the intent of this jury to find that nothing was due the other plaintiffs, and that the executor, against whom they failed to find, was not liable. The Court, in rendering a decree, may dispose of the whole case on this finding, making the record complete by adjudging, as the intent of the verdict evidently is.

But this verdict ought not to stand, for another reason. The jury had no right to order the defendants' notes to be turned over to the plaintiffs. The complainants come into Court asking an account and decree for what is due. If the executors have used the money of the estate and put their own notes in its place, they are liable for the money. It is child's play to say to a suitor in equity, "The defendant has used this money which he held in trust, and he has put among the papers his note for the amount. You shall have the note; you may sue him upon that." As we have said, the complainants are entitled to a judgment for the money or nothing, as to these notes. The jury seem to have been of opinion, from the evidence, that these notes represented money belonging to the estate, used by the defendants. They ought, if they so thought, have found a money verdict for the amount due. And for the same reason there ought to have been a verdict against the other executor.

We have not gone into the calculations to see if there is or is not anything due. As there is to be a new trial, we think that unnecessary. We affirm the judgment because if the notes of the two executors are the property of the estate, the executors are liable to a money verdict for their amount.

Judgment affirmed.